(No. 5195-)

COLUMBIA CASUALTY COMPANY, A NEW YORK CORPORATION,
Claimant, vs. STATE OF ILLINOIS, Respondent.

359

*Opinion filed August 17, 1966.*

FREDERICK R. PEFFERLE, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PEZMAN, J.

Columbia Casualty Company, a New York Corporation, surety on an indemnity bond for Krueger Construction Company, Inc., seeks to recover from the State of Illinois the sum of $4,358.00 admittedly owed by the State to the Krueger Construction Company for construction work performed pursuant to certain contracts.

A stipulation for judgment was entered into by and between the State of Illinois, as respondent, and the Columbia Casualty Company, a New York Corporation, as claimant, on the 8th day of November, 1965. From this stipulation the undisputed facts of the cause are as follows: Respondent on the 10th day of November, 1959, by the Department of Public Works and Buildings, entered into a written contract with the Kruger Construction Company, Inc., for the resurfacing of the one mile track and construction of a Type "B" electrical conduit at the Illinois State Fairgrounds in Springfield, Illinois, for a total contract consideration of $21,351.04. Subsequently, on the 2nd day of December, 1959, by mutual consent of both respondent and the Krueger Construction Company, the resurfacing of the one-half mile track at the same Illinois State Fairgrounds for the additional consideration of $7,760.00 was added to said written contract, the contract being designated as No. 7166.

Claimant issued its indemnity bond No. SB6B238357 on

the 13th day of November, 1959, with the Kruger Construction Company as principal, claimant as surety, and respondent herein as obligee. On that same date the Krueger Construction Company, in connection with its indemnity bond, executed an indemnity agreement in favor of claimant. By virtue of the terms, conditions, and provisions of said indemnity bond, claimant paid out a total of $11,325.18 to various claimants in the nature of subcontractors who furnished and/or rendered labor and/or material in connection with the subject matter of the written contract, and, obtained Mechanics Lien releases from said lien claimants. By the aforementioned stipulation, respondent admits that, as of the date of the completion of the contract itself, the Krueger Construction Company had a credit of $4,358.00 for work done under the contract, which sum was completely independent of other claims by the Krueger Construction Company for alleged extras performed, and for which recovery is now being sought by said company in another cause before this Court.

The testimony of an officer of the Krueger Construction Company clearly indicates that, by virtue of claimant's payment of certain lien creditors heretofore mentioned, claimant was justly entitled to the balance of $4,358.00 due from the State of Illinois to the Krueger Construction Company. The stipulated facts also indicate that on the 8th day of September, 1961, written application was made to respondent for payment of the sum of $4,333.00; that such payment was not forthcoming; and, that funds for payment of the total balance due of $4,358.00 lapsed into the General Fund of the State of Illinois.

A joint motion by claimant and respondent for leave to waive briefs was filed on the 9th day of November, 1965, and granted by the Court.

The last paragraph of the stipulation entered into by the parties states as follows:

"IT IS, THEREFORE, STIPULATED AND AGREED, by and between the above captioned parties, through their respective attorneys, that the Court, upon presentation of this Stipulation by either party thereto or the attorney for said party without notice to the other of said party or their attorney may enter judgment in favor of Claimant, COLUMBIA CASUALTY COMPANY, a New York Corporation, against Respondent, the STATE OF ILLINOIS, for the sum of FOUR THOUSAND THREE HUNDRED FIFTY-EIGHT and no/100 ($4,358.00) Dollars and costs." DATED: November 8, 1965.

This Court has repeatedly held that, where a contract has been (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; and, (4) adequate funds were available at the time the contracts were entered into, it would enter an award for the amount due. *American Oil Company, Inc., A Corporation, vs. State of Illinois,* case No. 5109, opinion filed June 26, 1964; *The Pittsburg and Midway Coal Mining Company, A Corporation vs. State of Illinois,* case No. 5147, opinion filed July 24, 1964. It appears that all qualifications for an award have been met in the instant case.

Claimant, Columbia Casualty Company, is, therefore, awarded the sum of $4,358.00.